United States District Court
Southern District of Texas
**ENTERED**
June 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERMAIN CARDEL MATTHEWS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00284 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jermain Cardel Matthews is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Goree Unit in Huntsville, Texas. Matthews filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 26, 2022.[1] (D.E. 1). Matthews challenges his conviction for trafficking of persons, contending that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. Respondent has filed a motion to dismiss, to which Matthews has not responded. (D.E. 12). For the reasons discussed more fully below, it is respectfully recommended that Respondent's motion to dismiss (D.E. 12) be **GRANTED** and Matthews's habeas corpus petition be **DENIED**. It is further recommended that a Certificate of Appealability ("COA") be **DENIED**.

---

[1] Matthews stated under penalty of perjury that he placed his petition in the prison mail system on October 26, 2022, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## I.   JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Matthews was convicted in Nueces County, Texas.   28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.   *Petition and Claims*

In his § 2254 petition, Matthews raises seven claims.   First, Matthews asserts that trial counsel rendered ineffective assistance by failing to seek out witnesses, investigate facts, and find exculpatory evidence.   (D.E. 1 at 6, 11).   Specifically, Matthews contends that the alleged victim signed a non-prosecution affidavit indicating that she lied to the police and was forced to implicate Matthews, and that she had no intention of appearing at trial.   (*Id.*).   Second, Matthews asserts that trial counsel provided erroneous advice that induced his guilty plea.   (*Id.* at 6, 12-13).   Specifically, Matthews alleges that counsel told him that, as part of the plea agreement, the state was altering the statutory definition of "child" to mean someone under 17 years old rather than someone under 18 years old, which would address Matthews's contention that the statutes were facially ambiguous and unconstitutional.   (*Id.*).   Third, Matthews contends that trial counsel failed to adequately prepare a defense and deprived him of his right to a trial by jury by inaccurately informing him that he had no presumption of innocence given the facts of his case.   (*Id.* at 7, 13-14).   Fourth, Matthews argues that counsel should have challenged the constitutionality of the relevant penal code sections, which were ambiguous due to defining a "child" as anyone

under 18 years old, even though some other statutes defined "child" to be anyone under 17 years old.  (*Id.* at 7, 15-16).

Fifth, Matthews contends that the state court judgment is void because it did not include a notation regarding the agreement that the statutory language would be amended to reflect a "child" being someone under 17 years old.  (*Id.* at 16-18).  Sixth, Matthews alleges that his guilty plea was not knowing and voluntary due to trial counsel's errors and that fact that, unbeknownst to Matthews at the time, he could not actually enter into a plea agreement that changed the statutory language.  (*Id.* at 18-20).  Seventh, Matthews contends that he was denied a meaningful state habeas proceeding because he was not provided with enough time to file objections or refute the state's answer and counsel's affidavit.  (*Id.* at 20-21).  Finally, Matthews requests an evidentiary hearing.  (*Id.* at 7).

   b.   *State Court Record*

In December 2018, Matthews was charged in an indictment with continuous trafficking of persons between July and October 2018, in violation of Tex. Penal Code § 20A.03(e).  (D.E. 9-1 at 6).

On February 22, 2022, Matthews pleaded guilty to the lesser included offense of trafficking persons, in violation of Tex. Penal Code § 20A.02(a)(7).  (*Id.* at 221).  Prior to pleading guilty, Matthews initialed and signed the trial court's written admonishments, which informed him, among other things, of the charge he was pleading guilty to and that it was a first-degree felony that would include a sentence of between five years and life and a fine of up to $10,000.  (*Id.* at 8-22).  Matthews also signed a judicial confession.  (*Id.*

at 148-49).  Above the definition of "child" on this document, he notated that the victim was 17 years old.  (*Id.* at 148).  Matthews also signed a plea agreement that informed him that he was pleading guilty to a lesser included offense and that the state would recommend a 15-year sentence.  (*Id.* at 150-51).  Matthews also pleaded guilty at a hearing in front of the court.  (*Id.* at 205-06).  The court informed him that he was pleading guilty to a first-degree felony that carried a potential punishment of between 5 years to life imprisonment and a fine of up to $10,000.  (*Id.* at 205).

The trial court sentenced Matthews to 15 years' imprisonment and entered judgment on March 1, 2022.  (*Id.* at 152-53).  Judgment was later corrected to reflect the correct statutory section of conviction.  (*Id.* at 220-23).

On April 1, 2022, Matthews filed a state habeas corpus application under Texas Code of Criminal Procedure Art. 11.07.  (*Id.* at 159-76).  Other than his current claim regarding the state habeas proceedings themselves, Matthews raised the same claims in his state habeas application as in his current petition.  (*See id.*).

The state answered that Matthews's plea was knowing and voluntary because the record showed that he understood the consequences of his plea, and that an attached affidavit from trial counsel refuted Matthews's claims regarding ineffective assistance.  (*Id.* at 209-18).

In the attached affidavit, trial counsel Kenneth Botary stated the following.  (*Id.* at 228-38).  He worked closely with Matthews on this case for over two years.  (*Id.* at 228). The 17-year-old victim in the case gave two video-recorded statements to the police, the

first of which refuted any involvement by Matthews and the second of which implicated
Matthews extensively. (*Id.*). However, after being released, the victim disappeared and
could not be found. (*Id.* at 229). Counsel attempted to find her, including enlisting the
help of Matthews's cousin, who knew her family. No one could find her. (*Id.*). Counsel
knew that the prosecutor in the case had successfully prosecuted child trafficking cases
without having the victim testify and that she was intending to do the same in this case by
relying on testimony from the victim's mother and aunt. (*Id.* at 229-30). Matthews had
confessed to the police, so counsel's only course of action was to try to have the confession
set aside. (*Id.* at 230). However, at the hearing, Matthews's testimony did not support the
arguments in the motion to suppress, and the motion was denied. Despite repeated
conversations with Matthews's cousin, counsel was never informed that the victim had
signed a non-prosecution statement, and regardless, the prosecutor was committed to
proceeding to trial anyway. (*Id.*).

Counsel further stated that the initial plea offer was 24 years' imprisonment, and
the prosecutor was unwilling to reduce that sentence. (*Id.* at 231). Counsel then
approached the District Attorney and First Assistant District Attorney, who agreed that a
24-year sentence was excessive, and instead offered a 15-year sentence. (*Id.* at 231-32).
Matthews agreed and subsequently pleaded guilty. (*Id.* at 232). Counsel refuted
Matthews's claims regarding a change to the statutory definition of "child," stating that
Matthews signed a plea agreement that made no reference to any such change, and
Matthews knew that only the state legislature had the ability to change a statute. Matthews

5

wrote "17 years old" on the plea document because he believed it would help him obtain parole. (*Id.*). Before the guilty plea, counsel discussed the facts of the case with Matthews, which factually included Matthews, an older black man, "pimping" a 17-year-old white girl. (*Id.* at 233). However, he denied ever telling Matthews that he could not obtain a fair trial in Nueces County. (*Id.*). Counsel further noted that Matthews had a significant criminal record, and that the state had voluminous evidence against him in the case, including Matthews's confession. (*Id.* at 233-34). Matthews pleaded guilty with full knowledge of the context and facts of the case, including that counsel could not find the victim, but also did not believe she would be a good defense witness given her second statement to the police. (*Id.* at 235). Counsel explained to Matthews that the state could not use the victim's statements against him unless she appeared at trial. (*Id.* at 236).

Counsel further stated that he did not challenge the constitutionality of the applicable criminal statutes because he did not believe it was a valid defense. (*Id.*). Counsel noted that the same definition applied throughout various provisions in the Penal and Family Codes. (*Id.* at 236-37). The legislature's change to the definition in 2013 was not confusing or ambiguous. (*Id.* at 237). Finally, had Matthews wanted to reject the 15-year plea deal, risk a jury trial, and have counsel challenge the statutes instead, he would have done so. (*Id.* at 238). Instead, Matthews willingly pleaded guilty. (*Id.*).

On the same day the state answered, the trial court entered its findings of fact, conclusions of law, and recommendation. (*Id.* at 262). The trial court found the assertions

6

in the state's answer to be correct, that trial counsel provided effective assistance, and that Matthews failed to prove the other allegations in his application.  (*Id.*).

The Texas Court of Criminal Appeals ("TCCA") denied Matthews's Article 11.07 application without written order.  (D.E. 9-3 at 1).

## III.  DISCUSSION

### a.  *28 U.S.C. § 2254 Standard*

A § 2254 petition raising claims that were adjudicated on the merits in state court may not be granted unless the adjudication of the claim: (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an

unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).  This is a difficult standard to meet. *Id.* at 102-03.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. Where a state court decides a prisoner's federal claim on the merits in a reasoned opinion, the federal court merely "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Even summary rulings by state courts are afforded deference under § 2254(d), and in such cases, the relevant question is what arguments or theories could have supported the state court's decision. *Harrington*, 562 U.S. at 99, 102.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).  A state court's factual findings are presumed to be correct, and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of

the state court.  *Id.*  In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Harrington*, 562 U.S. at 98.

       *b.*    *Voluntariness of Guilty Plea (Ground 6)*

In the motion to dismiss, Respondent first argues that Matthews's claims that his plea was not knowing and voluntary are contradicted by the record.  (D.E. 12 at 6-7).  Respondent contends that Matthews was adequately informed regarding what he was charged with and pleading guilty to, along with the possible length of his sentence, before pleading guilty.  (*Id.* at 8).  Respondent asserts that the written admonishments, plea agreement, and plea hearing all show that Matthews's plea was knowing and voluntary. (*Id.*).

Matthews has not responded.

"A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent."  *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  A guilty plea is invalid if the defendant does not understand the constitutional protections that he is giving up or where his understanding of the charges is so incomplete that his plea cannot signify an admission of guilt.  *Id.*  If the record shows that the defendant understood the charge and consequences, then the guilty plea will be upheld as voluntary even if the trial court did not explain the offense.  *Id.*  If the defendant understands the length of sentence he might possibly receive, then he understands the consequences of his plea.  *Id.*  He need not be informed of every right that is waived by a guilty plea or all of

the consequences that flow from his conviction and sentence. *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir. 1990). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Official documents such as written plea agreements are entitled to a presumption of regularity and are given great weight. *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018).

Here, Matthews has not established that his guilty plea was not knowing and voluntary. The record shows that Matthews understood what he was being charged with and the consequences of pleading guilty. Matthews was informed that he was pleading guilty to trafficking persons in the written admonishments, the plea agreement, and at the plea hearing. (D.E. 9-1 at 8, 148, 150-51, 205-06). Similarly, he was informed of the possible punishment range for this charge in each of those documents, and informed that the state was going to recommend a 15-year sentence. (*Id.* at 11-12, 150-51, 205-06). Matthews initialed and signed the written admonishments and plea agreement, and indicated that he understood the punishment range at the plea hearing. (*Id.* at 8-22, 148, 150-51, 205-06). The written documents are entitled to a presumption of regularity and are given great weight. *McDaniels*, 907 F.3d at 371. Similarly, Matthews's statements at the plea hearing "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Matthews's present claims that his guilty plea was unknowing and involuntary are merely

10

conclusory and do not overcome the weight afforded to his written acknowledgments and statements in open court. *See id.*

      c.    *Ineffective Assistance at Plea Stage (Ground 2)*

Respondent next argues that Matthews has failed to establish that counsel was ineffective at the plea stage. (D.E. 12 at 9-10). Respondent contends that the record shows that counsel did not tell Matthews that the state was going to alter the statutory language as part of his plea agreement. (*Id.* at 10-11). Respondent asserts that Matthews's claims are merely conclusory. (*Id.* at 11).

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable. *Id.* at 687-88.

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts

or omissions were outside the wide range of professionally competent assistance.  *Id.* at 690.

To show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 695.

Federal court review of a state court's denial of an ineffective-assistance claim is "doubly deferential" because the court must give deference both to counsel's performance and to the state court's conclusion.  *Cullen*, 563 U.S. at 190.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Harrington*, 562 U.S. at 105.  A petitioner who pleaded guilty must not only show deficient performance, but also that he would not have pleaded guilty but for the error.  *Randle v. Scott*, 43 F.3d 221, 225 (5th Cir. 1995).

Here, Matthews has not established that trial counsel provided ineffective assistance that rendered his guilty plea involuntary.  In his affidavit, trial counsel refuted Matthews's construction of events, stating that he never told Matthews that the state could change the statutory definition of "child" as part of the plea agreement.  (D.E. 9-1 at 232-33).  In denying Matthews's claims in his Article 11.07 application, the state court made an implicit

12

credibility determination in favor of counsel, and that finding is presumed to be correct. *Garcia*, 454 F.3d at 444. Matthews has not shown by clear and convincing evidence that the state court's findings were wrong. *See id.* As a result, he has not established the first prong of the *Strickland* test because he has not shown that counsel's performance was deficient. *Strickland*, 466 U.S. at 687-88.

Accordingly, Matthews has not established that trial counsel provided ineffective assistance at the plea stage that rendered his guilty plea unknowing and involuntary.

> d. *Waiver of Claims Unrelated to Voluntariness of Plea (Grounds 1, 3, 4, 5)*

Respondent next argues that Matthews's first, third, fourth, and fifth claims relate to non-jurisdictional defects in his criminal proceedings and were waived by his plea agreement (D.E. 12 at 12-14).

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, once a guilty plea is entered, all non-jurisdictional defects in the proceedings against a defendant are waived. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Where a petitioner pleaded guilty, his Sixth Amendment challenge on collateral review is "limited to the issues of voluntariness and his understanding of the nature of the charges brought against him and the consequences of the plea." *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).

Here, Matthews waived his first, third, fourth, and fifth claims when he pleaded guilty.  His first, third, and fourth claims all relate to pre-plea ineffective assistance of counsel unrelated to the voluntariness of his plea, and such non-jurisdictional defects from before the plea are waived.  *Smith*, 711 F.2d at 682.  Regardless, as with his ineffective-assistance claims regarding the plea proceedings, the state court made an implicit credibility determination in favor of counsel's affidavit when it denied Matthews's Article 11.07 application, and that finding is presumed to be correct.  *Garcia*, 454 F.3d at 444.  Matthews has not shown by clear and convincing evidence that the state court's findings were wrong.  *See id.*  Further, Matthews's fifth claim regarding his judgment being null and void is based on the same argument as several of his other claims discussed above regarding the statutory definition of "child."  (D.E. 1 at 6-7, 12-13, 15-18).  Although Matthews presents this as a claim arising after his plea agreement, the claim is instead based on his alleged pre-plea belief that the state would indicate a change to the statutory language as part of his plea.  Thus, it is also waived.  Finally, regardless of whether this claim is waived, Matthews has not shown that there is any error in the updated judgment, which accurately indicates the offense that he pled guilty to.  (D.E. 9-1 at 221).  Accordingly, Matthews's first, third, fourth, and fifth claims are waived and otherwise without merit.

> e.   *Cognizability of Claim Regarding State Habeas Proceedings (Ground 7).*

Respondent next argues that Matthews's claim regarding his state habeas proceedings is not cognizable on federal habeas review.  (D.E. 12 at 14-15).

14

"An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'" *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (quoting *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987)). Furthermore, "infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984).

Here, Matthews's seventh claim regarding his state habeas proceedings is not cognizable on federal habeas review because such a claim attacks a proceeding collateral to the detention rather than the detention itself. *Nichols*, 69 F.3d at 1275. Even were Matthews to succeed on the claim, it would not affect his detention. In short, the alleged problems with his state habeas proceedings do not constitute grounds for relief. *Vail*, 747 F.2d at 277.

### f. Evidentiary Hearing

Finally, Respondent argues that Matthews is not entitled to an evidentiary hearing because his claims were adjudicated on the merits in state court, and the state court record is sufficient to resolve his claims. (D.E. 12 at 16-17).

Generally, a federal habeas court is limited to consideration of the evidence that was before the state habeas court. *Cullen v. Pinholster*, 563 U.S. 170, 182-83 (2011). An evidentiary hearing is not required prior to the District Court's ruling on a motion for summary judgment. *See id.* at 181-84 (discussing the circumstances under which a district court may hold an evidentiary hearing in § 2254 proceedings). Regardless, a district court

may refuse an evidentiary hearing where there is not a factual dispute that, if resolved in the petitioner's favor, would entitle him to relief. *Austin v. Davis*, 876 F.3d 757, 799 (5th Cir. 2017).

Here, Matthews is not entitled to an evidentiary hearing prior to a ruling on the motion to dismiss. The state court adjudicated his claims on the merits, and this court is limited to consideration of the evidence that was before the state court. *Cullen*, 563 U.S. at 182-83. Moreover, as discussed in more detail above, Matthews has not raised any claims that would entitle him to relief.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Matthews has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this

16

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

Here, because reasonable jurists would not find it debatable that Matthews failed to state a claim for a violation of a constitutional right, it is recommended that a COA be denied.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 12) be **GRANTED** and Matthews's § 2254 petition be **DENIED**.  It is further recommended that any request for a Certificate of Appealability be **DENIED**.

Respectfully submitted on June 20, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).